ARBOR THEATRE CORP., Plaintiff-Appellant, *v.* CAMPBELL SOUP COMPANY, Defendant-Appellee.

(No. 72-6;

Second District—April 25, 1973.

*Rehearing denied May 31, 1973.*

Donovan, Dichtl, Atten, Mountcastle & Roberts, of Wheaton, for appellant.

Robert W. Hotte, of Elmhurst, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

This action was brought in the circuit court of Du Page County to enjoin continuation of defendant's compost producing operation on its Prince Crossing mushroom farm, and to recover damages for loss of revenue and patronage at plaintiff's outdoor "Cascade" theatre, which is adjacent to the farm. Following a bench trial the court found the issues for the defendant, denied all relief sought, and dismissed the second amended complaint with prejudice. Plaintiff appeals from that judgment.

Defendant purchased the farm on Prince Crossing Road, south of Route 64 in Du Page County, consisting of 201 acres in November 1945 in what was then, and still is, primarily a rural area. Its mushroom growing operation began in 1947 and has continued to the present. Composting is done on a parcel of about 25 acres at the northeasterly portion of its farm. When defendant acquired this parcel, it was zoned "F-Farming District" which permitted mushroom barns and incidental uses.

It is not controverted that the production of compost is an incidental use, inasmuch as compost is required for growing mushrooms in the barns. This is done by inoculating a spore culture of mushroom into the bed of compost. The compost is made of hay, corn cobs, horse manure and commercial fertilizers. Hay and corn cobs, which do not produce objectionable odors, are stored separately in the open. Defendant maintains about a three-month inventory of hay and corn cobs and applies the "first-in first-out" procedure in their use. Commercial fertilizers are stored inside the building in paper and burlap bags. Manure is brought in daily, Monday through Friday; corn cobs are then placed on top of the manure and fertilizers are added. It is then mixed, moved inside the building by 5 P.M., and the building is closed. The following morning hay is added to the mixture and the material is placed inside an enclosed compost kiln, where it remains until the following morning. The composting process gives off an ammonia odor. The resulting compost is loaded into trucks, covered with canvas, and driven to the growing houses about ¼ mile south of the compost area where it is used for the planting and growing of mushrooms.

In December 1960, more than 13 years after defendant began operating its mushroom farm, plaintiff contracted to buy a 23-acre tract on Route 64 to the northeast of defendant's mushroom farm. Plaintiff was aware of the nature of the operation and its attendant odors. One of plaintiff's principal officers testified that he visited defendant's farm some time prior to the purchase and was advised by one of defendant's officers that the odors were worse at times than at the time of the visit, but he did not seem impressed. He further testified that the directors of the plaintiff discussed "the odor situation" prior to the purchase, but plaintiff nevertheless closed the deal and built its drive-in theatre at that location.

The theatre opened for business in August 1961. It is generally operating from April to November. When there is a southwest wind, the odor at the theatre is noticeable as a manure odor. Other witnesses described the odor as fishy, sour, strong musty and irritating. The theatre manager testified, from a record that he kept for the year 1969 and 1970 (to the date of trial in July), that the smell was bad on 71 days. Defendant's

testimony cited other odor producing elements in the vicinity of plaintiff's theatre; an oxidizing pond on or near plaintiff's property; a swamp or marsh of about 7 acres north of defendant's property with stagnant waters covered by green scum which produces a marshy odor; odors from the Du Page River nearby; and a riding stable immediately to the north of plaintiff's theatre across Route 64 (which has been operating for 23 years), where manure is collected and spread on a parcel across the road next to plaintiff's property.

Since plaintiff's outdoor theatre was established and prior thereto, defendant modified its operation and has tried various experiments in order to control, reduce and eliminate the odors: it discontinued storing and aerating the manure out-of-doors; the compost is brought indoors as soon as it is mixed and placed in the rotary kiln which was installed; the area is hosed down and brushed daily; a lagoon system was installed to reduce bacteria in the surface water run-off; spraying and fogging for insect control is practiced; commercially prepared compost was used; spent compost is being used experimentally; and experiments continue with the use of potassium permanganate.

■■■ Plaintiff contends that defendant's operation of its mushroom farm was proved unreasonable and created a substantial invasion of plaintiff's property. Whether defendant's invasion of plaintiff's rights is substantial and unreasonable is a question of fact. (*Patterson v. Peabody Coal Co.*, 3 Ill.App.2d 311, 316.) The trial court made extensive findings. One of these was that defendant's invasion of plaintiff's rights was "neither substantial enough or unreasonable to such a degree as would warrant granting plaintiff the relief requested." The court's findings will not be disturbed unless they are clearly against the manifest weight of the evidence. *Chapman v. Huttenlocher*, 125 Ill.App.2d 39, 47; *Elgin Lumber & Supply Co., Inc. v. Malenius*, 90 Ill.App.2d 90, 97.

Defendant's mushroom farm and its composting operation concededly produced odor on occasion since it was established. Plaintiff knew of this condition when it was considering the purchase of its property for use as an outdoor theatre but nevertheless purchased the property and erected its theatre in 1961 at that location. One of plaintiff's witnesses, a home owner who purchased a parcel close to the mushroom farm in 1961, testified as to the effect the "objectionable odors" had on the use of his property. He testified that he was aware of the odors for several years, which for the first few years he attributed to some "farmer fertilizing his fields." Then he became aware of defendant's compost operation, but "in spite of the Campbell Soup Farm" he proceeded to build his home there in 1962.

Plaintiff complains that the court's finding as to reasonableness was

based on the fact that this area was essentially rural and that defendant's composting operation was a legitimate non-conforming use, but that the court ignored the Du Page County ordinance setting forth performance standards on odor emissions which prohibit such emissions across boundary lines. That ordinance provides in substance that: "No use already established * * * shall be so altered or modified as to conflict with * * * the performance standards governing odorous materials * * *" which prohibit "emission of odorous matter in such quantities as to be readily detectable at any point along lot lines or as to produce a public nuisance or hazard beyond lot lines * * *."

Nothing in this record indicates that defendant's compost operation was "so altered or modified as to conflict" with the performance standards. On the contrary, all of the steps taken by defendant, including the construction of a kiln building in 1964, were designated to reduce "emission of odorous matter" not "to conflict with" the performance standards. Defendant was therefore in full compliance with that ordinance.

■■ The occasional odors and any discomfort resulting from the compost operation on defendant's mushroom farm were obviously not "wantonly caused from malice or wickedness," but from defendant's pursuit of a useful occupation. (Cooley on Torts, 4th ed., vol. 3, p. 163.) The occasional discomfort from such odors must be submitted to when the occupation complained of "is suitable to the locality and when the employment of one's premises under the circumstances is reasonable." (*Gardner v. International Shoe Co.*, 386 Ill. 418, 429-430.) Defendant's composting operation is suitable to the locality and is reasonable under the circumstances.

■■ We are unable to say that the trial court's decision was against the manifest weight of the evidence and therefore need not consider other points raised by the parties.

Judgment affirmed.

GUILD, P. J., and T. MORAN, J., concur.